## Annie B. Hall, Executrix of Hannah B. Lentz, deceased, Appellant, *v.* Thomas Donagan.

*Deed—Mortgage—Charge on land.*

Testator gave to his executors and trustees one third of his estate in trust for a daughter during her seclusion in a monastery. The executors under a power in the will sold and conveyed the land of the testator subject to the payment of interest on the daughter's share during her life, and the payment of the principal of such sum to the persons entitled to it after her death. The deed was executed in May, 1856, but not acknowledged until November of the same year. On the day of the acknowledgment the grantee conveyed the real estate to the wife of one of the executors who was a son of the testator and the devisee of a third of the estate. No mention was made in this deed of the charge in favor of the daughter. On the same day the other son, who was also an executor and a devisee of another one third of testator's estate, quitclaimed his interest to the wife of the first executor, who, to secure payment therefor, executed, with her husband, a mortgage dated as of the date of the deed in which the charge was created in favor of the daughter, but acknowledged on the day in November when the other papers were executed and acknowledged. The value of the property at the time these papers were executed was sufficient to cover both the charge and mortgage. Forty years afterwards when the land was sold it did not bring sufficient to pay both the charge and the mortgage. *Held,* that, in the distribution, the charge on the land was entitled to priority over the mortgage.

Argued Jan. 5, 1898. Appeal, No. 140, Jan. T., 1897, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1894, No. 133, dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report.
The case was referred to E. H. Bonsall, Esq.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*John T. Greene,* for appellant.—The Hall mortgage was a valid lien on the premises, and the claim would follow the fund: Artman v. Giles, 155 Pa. 409; 4 Kent's Com. *145; Brook-

ings v. White, 49 Me. 479; Beals v. Cobb, 51 Me. 348; Wyman v. Brown, 50 Me. 139; Patterson v. Johnston, 7 Ohio, 225; Powers v. Patten, 71 Me. 583; McFadden v. State, 82 Ind. 558; Mitchell v. Burnham, 44 Me. 286; Burger v. Hughes, 5 Hun, 180; Appeal of the Shrewsbury Savings Institution, 94 Pa. 312; Rauch v. Dech, 116 Pa. 157; Brown v. McCormick, 6 Watts, 60; Phila., etc., R. R. Co. v. Woelpper, 64 Pa. 366.

The referee had the same powers of a chancellor, and a court of equity will place the Hall mortgage on the same footing as the clause in the deed, and perhaps would give precedence to the Hall mortgage.

The parties acknowledged the four title papers at the same time, and the four of them must be taken in conjunction with the will of Thomas Donagan: Cummings v. Antes, 19 Pa. 291; Cox v. Freedley, 33 Pa. 130.

The court will look at the circumstances in arriving at the intention of the parties: Miner's App., 61 Pa. 287; Lacy v. Green, 84 Pa. 514; Phillip's App., 93 Pa. 45; Van Wagner v. Van Wagner, 7 N. J. Eq. 27; Logue's App., 104 Pa. 136; Criswell v. Grumbling, 107 Pa. 408; Dungan v. Ins. Co., 52 Pa. 256; Britton's App., 45 Pa. 172; Appeal of Williamsport Nat. Bank, 91 Pa. 167; Hendrickson's App., 24 Pa. 363; Dutton's Est., 181 Pa. 426; Donley v. Hays, 17 S. & R. 407; 2 Blackstone's Com. 380; Straus & Sons v. Wanamaker, 175 Pa. 226.

The clause in the deed under which the Donagan heirs claim is not binding on the estate, and the mortgage will participate to the exclusion of the clause in the Selfridge deed: 3 Kent's Com. 463; Kister v. Reeser, 98 Pa. 1; Whittaker v. Brown, 46 Pa. 197; Klaer v. Ridgway, 86 Pa. 529; Preston's Shep. Touch. p. 80; McKissick v. Pickle, 16 Pa. 140; 1 Lead. Cases in Amer. Law of Real Prop. 142; Hill v. Lord, 48 Me. 83; Hornbeck v. Westbrook, 9 Johns. 73; Brothers v. McCurdy, 36 Pa. 407.

The sale by the executors did not divest the principal of Jane's one third, and to that extent only can it participate: Barber v. Barber, 17 Hun (N. Y.), 72.

*Wayne P. Rambo*, with him *Jacob B. Hillegass* and *John O. Bowman*, for appellee.—The intent of the grantor is the cardinal rule of construction: Mergenthaler's App., 15 W. N. C. 441.

A charge on the land need not be in favor of the grantors: Heist v. Baker, 49 Pa. 9.

It was not necessary that Selfridge should sign the deed creating the charge. He took the land subject to the charge. Assumpsit may be maintained against a person taking land so charged : De Haven v. Bartholomew, 57 Pa. 126.

If any fraud was practiced on Mary Donagan, the mortgagee, of which there is no testimony, and even if the present claim were made by Mary Donagan's estate, the parties have slept upon their rights, and have lost their claim : Sullivan v. R. R., 94 U. S. 806; Brown v. County of Buena Vista, 95 U. S. 157; Richards v. Mackall, 124 U. S. 187 ; Penna. R. R. Co.'s App., 125 Pa. 203 ; Logan v. Neill, 128 Pa. 469; Norris v. Haggin, 136 U. S. 386; Story's Equity Pleadings, sec. 813; Michoud v. Girod, 4 How. 561.

Even if this were a family settlement, it ought not to be disturbed after long acquiescence : Johnston v. Furnier, 69 Pa. 449.

OPINION BY MR. JUSTICE McCOLLUM, May 26, 1898 :

The fund in court for distribution was raised by a sheriff's sale of certain real estate in Philadelphia of which Thomas Donagan, on January 26, 1854, died seized. The sale was based upon a judgment obtained on a mortgage made by Thomas Donagan to Samuel Noble, dated April 20, 1820, and recorded November 15, 1820. It is admitted by the claimants of the fund in court that the sale discharged all incumbrances and that so much of the proceeds of it as was paid out by the sheriff was devoted to the extinguishment of claims having priority to theirs.

Thomas Donagan, by his will dated April 28, 1848, and duly proved January 31, 1854, gave to his wife, Mary Donagan, all his real and personal estate for and during her natural life, and upon her decease he gave one third of it to his son James Donagan, and another third of it to Mary, wife of his son Richard, for her sole and separate use during her natural life, the remainder to his son Richard, his heirs and assigns. The remaining one third of it he gave to his sons, James Donagan and Richard Donagan, in trust to pay the rents, issues and profits to his daughter Jane Donagan " for life, and during her seclusion in the Holy Monastery at Georgetown, District of Columbia, or in any other Holy Institution." In the next sentence of the same paragraph of his will the testator provided that if she should

again return to the world with the intention of remaining, and should so remain for the space of six months, then the use and sole control of the property included in the trust should be in his said daughter, Jane Donagan, her heirs and assigns.

The testator appointed his sons, James Donagan and Richard Donagan, executors of his will, with power to sell his estate on the conditions and terms prescribed therein. Mary Donagan, his widow, died November 24, 1854, and Jane Donagan, his daughter, remained in the monastery at Georgetown, where she died January 9, 1894, " intestate and unmarried."

On May 7, 1856, the executors, in the exercise of the power conferred by the will, and in conformity therewith, sold the real estate previously referred to herein to William W. Selfridge, to whom, by deed dated May 20, 1856, they conveyed the same subject to the payment of interest at six per cent on $2,666.66 to Jane Donagan during her life, in four equal quarterly payments, to be made on the 20th of August, November, February and May in each year of that period, and, at her death, to the payment of the principal sum " to such person or persons as may then be legally entitled thereto." The executors indorsed on the deed, as of the date of it, their receipt for the full consideration named in it, although they did not acknowledge it until November 19, 1856. On the day of the acknowledgment of it Selfridge conveyed the real estate described therein to Christiana Donagan, wife of James Donagan, and on the same day Richard and Mary Donagan quitclaimed to Christiana Donagan their interest in said real estate for the consideration of $2,666.66, to secure the payment of which James and Christiana Donagan gave a mortgage dated May 20, 1856, and acknowledged November 19, 1856, to Mary, wife of Richard Donagan, upon the premises conveyed by Selfridge to Christiana Donagan as above stated. This mortgage was assigned, January 27, 1862, to Hannah Lentz, now deceased, and her executrix claims the fund in court by virtue of it. The claim so made is resisted by the heirs of Jane Donagan and Thomas Donagan to whom the fund was awarded by the referee.

The real estate conveyed to Selfridge was valued at $10,000, and the parties having interests in it estimated that, after satisfying the incumbrances on it, there would be a balance of $8,000 for distribution in accordance with the provisions of the

will. The charge in the deed represented one third of this balance, and was intended to protect Jane Donagan's interest in it, together with the interests of the persons entitled to receive it at her death. It was a valid charge and adequate for the accomplishment of the purpose for which it was inserted. That it was not included or referred to in the deed from Selfridge to Christiana Donagan, or in any other conveyance of the real estate subject to it is an unimportant circumstance. The Selfridge deed, having been duly recorded, was notice to subsequent purchasers of the existence and nature of the charge. The title to the real estate which Selfridge acquired by his deed from the executors was subject to this charge, and it was not within his power to divest or impair it by his deed to Christiana Donagan, or by a conveyance to any other person. Christiana Donagan, by his deed to her, acquired the title he received by his deed from the executors and she could not by sale or mortgage extinguish or qualify the charge to which it was subject. The validity of the charge was not questioned by Christiana Donagan or her mortgagee, and neither of them claimed at any time that the mortgage preceded it or was on a parity with it. The claim of precedence now made by the executrix of the assignee of the mortgage has nothing whatever to rest upon, nor is there any substantial ground on which to base the claim that the mortgage is on a parity with it. There is nothing in the deed to Selfridge or in the mortgage to Mary Donagan which supports or gives color to either of these claims, and the fact that the deed was recorded more than five years before the mortgage was is a circumstance which may reasonably be regarded as inconsistent with them. The claim of the appellant that, if the mortgage is not on a parity with the charge, it must be assumed that the executors were remiss in the performance of a duty they owed to the mortgagee, is untenable. They were trustees of the fund charged upon the real estate in and by their deed to Selfridge, and it was their duty to preserve it for the benefit of their sister and the persons entitled to it at her decease. There was uncertainty respecting the duration of the trust and the final disposition of the fund. In view of this uncertainty and of the fact that the sums secured on the real estate by the deed and the mortgage, represented but two thirds of the $8,000 which the claimants under the will estimated as

the net value of their interests in it, there is no reasonable ground for accusing the executors of negligence or dishonesty in the transaction by which priority was given to their sister's claim, and to the interest of others in it, in the event of her remaining in the monastery during her life. Besides, one of the executors was the husband of the mortgagee, and the other was the husband of the purchaser from Selfridge of the real estate bound by the mortgage. There is no reason to doubt that all the parties in interest intended, by the charge in the deed, to give priority to the trust fund, and by the mortgage, to adequately protect the sum it was given to secure. Certainly the mortgage afforded such protection if the value of the real estate covered by it was not grossly overestimated by the parties. It is not shown by evidence or claimed by any person that it was so estimated, and a sheriff's sale of it in August, 1894, cannot be justly considered as furnishing a fair measure of its value. It was sold to the executrix of Hannah Lentz, who is the claimant of the fund in court, for less than half the valuation of it in 1856. There is nothing aside from this circumstance to indicate that it is worth less now than it was appraised at then. If it be assumed that there has been a depreciation of twenty per cent in the value of it since 1856, although there is no visible warrant for such an assumption, it was still sufficient to satisfy all the incumbrances upon it at the time of the sheriff's sale. These matters are referred to, not as affecting the appellant's legal right, but as tending to show that the assignee of the mortgage has sustained no loss by reason of the priority conceded to the charge in the deed.

As the fund in court, after deducting therefrom the prothonotary's costs and the referee's fee, is not sufficient to pay the sum secured by the charge in the deed, neither the appellant nor the terre-tenant is entitled to any part of the same. This is the conclusion reached by the learned referee and in which we concur.

Decree affirmed and appeal dismissed at the costs of the appellant.